24-MJ-6593-MPK

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Casey Hyde, having been first duly sworn, hereby state as follows:

1.	I am a Special Agent with United States Department of Homeland Security ("DHS"), Immigrations and Customs Enforcement, Homeland Security Investigations ("HSI"), assigned to the office of the Special Agent in Charge ("SAC") New England. I have been a Special Agent since January 2022, and I am assigned to the Child Exploitation and Forensics Group. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors. My law enforcement training includes successfully completing the Criminal Investigator Training Program, the Homeland Security Investigations Special Agent Training, and the Basic Immigration Enforcement Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I also have successfully completed the Uniformed Police Training Program at the Federal Law Enforcement Training Center in Artesia, New Mexico. In addition to this training, I have had the opportunity to speak with and observe several other federal, state, and local law enforcement officers who have extensive experience in child exploitation investigations. I have participated in investigations of violations of those statutes to include assistance with the execution of federal search warrants in connection with such investigations. I have received both formal and on the job training in the investigation of child pornography and have reviewed examples of child pornography as defined in 18 U.S.C. § 2256.

2.	Prior to my tenure as a Special Agent, I was employed as a Deportation Officer by Immigration and Customs Enforcement, Enforcement and Removal Operations. I also was employed by the United States Capitol Police as a Police Officer. My education includes a

24-MJ-6593-MPK

Bachelor of Arts degree in Criminal Justice with a minor in Forensic Science from Saint Anselm College in Manchester, New Hampshire.

3.  I submit this affidavit in support of a criminal complaint charging Kesler Xavier Saget ("SAGET"), of Randolph, Massachusetts, with one count of transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

4.  The statements contained in this affidavit are based in part on: information provided by HSI and Customs and Border Protection ("CBP") agents; other information about this investigation that I have received, directly or indirectly, from other law enforcement agents; and my experience, training, and background as a Special Agent with HSI.  Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation.  Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

5.  On August 7, 2024, SAGET traveled from Santo Domingo, Dominican Republic to Boston, Massachusetts on a commercial aircraft.  Upon his arrival at Boston Logan International Airport, SAGET was referred to Customs and Border Patrol ("CBP") secondary screening, where CBP officers conducted a search of SAGET's luggage.

6.  During secondary screening, a CBP officer manually reviewed both of SAGET's digital devices, an iPhone 15 Pro Max model number MU6H3LL/A and an iPhone 14 Pro Max model number MQ953LL/A.  The devices largely mirrored one another.  In reviewing the phones, the CBP officer observed images in the iPhone 15's photo vault that appeared to depict child pornography.  The device was subsequently detained, and HSI agents from the Child

24-MJ-6593-MPK

Exploitation and Computer Forensics group were called to respond for further execution of the border search.

7. SAGET agreed to speak with responding agents. SAGET was advised of and signed a written waiver of his *Miranda* rights. The interview, which occurred in a secure room at the airport, was recorded; the statements below are summary in nature unless specifically indicated otherwise.

8. During the course of the interview, SAGET stated that he owned everything in his luggage including two iPhones. SAGET acknowledged that he understood what child pornography was and admitted to having child pornography on his phone. SAGET reported that he started communicating in internet chat rooms about four to five years ago and that messages shared in the internet chat rooms included Mega links to pornographic materials.[1] SAGET claimed that the links he received at first directed him to images of adult pornographic material, but then later the links started directing him to child pornography. SAGET admitted that he would sometimes save links to look at the materials at a later time. SAGET also admitted that he would save images he viewed at these links to his phone.

9. HSI agents reviewed SAGET's iPhone 15 Pro Max and observed that SAGET was involved with group chats on Telegram, which I know to be an end-to-end encrypted messaging application. HSI agents observed that there are also multiple Mega links saved in the notes application on SAGET's phone. It is unknown at this time whether these links are still active.

---

[1] I am familiar with Mega through my work in the Child Exploitation and Forensics Group, and know it to be an end-to-end encrypted cloud storage service that allows users to share access to stored files through the transmission of links.

10. HSI agents also observed a text message chain in which SAGET directly received videos and images constituting child pornography instead of via Mega links. For example, there is a text message exchange between SAGET and an unknown individual in which the unknown individual sent a message saying, "You got $5 on Apple pay ? I got more content for you." SAGET responded, "yeah." The unknown individual then said, "Ok bet." The text message chain then shows that SAGET then sent $5 via Apple Pay to this individual. After the money was sent, the unknown individual texted, "Hold on." Then the unknown individual sent SAGET a 14-second video via text message. The video depicts a prepubescent female child, who appears to be approximately five to seven years old, based on the small size of the body parts visible in the video. The video shows the victim from the back completely nude, with the victim's anus and vagina visible at a close distance. The focus of the video is on the minor victim's vagina while an adult male's erect penis is inserted. During the entirety of the video, the victim's buttocks are being held by the adult male's right hand. The child's buttocks are small enough to be shown entirely held by the adult male's one hand. The child's feet are also visible in the video, which are held against the adult male's nude groin area.[2]

---

[2] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein appear to be between four and nine years old—in all events, younger than 18. Furthermore, the descriptions of the files here are sufficiently specific as to the age and/or appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific*

11. I have manually reviewed certain other portions of SAGET's phone. In the phone's photo vault application, I observed that the photo vault contained two albums. The first album contained approximately 648 photographs and 112 videos, approximately 50 of which appear to be child pornography.[3] Two examples, each of which were located in the photo vault, are described below:

    a. An image that depicts two minor females. One appears to be approximately 10 years old based on limited breast development, no body hair, small body frame, and her face is visible in the image. This minor female is nude from the waist down and is wearing a tank top that is pulled up to expose her breasts. The other minor female appears to be smaller than the 10-year-old described in the preceding sentence, her face is not visible, but she also lacks any body hair, has a small body frame from what is visible in the image which is from behind and the waist down. The two minor victims are posed kneeling on a bed and the larger child is kneeling over the smaller child and has both hands on the smaller child's buttocks and is spreading the buttocks to expose the smaller child's anus and vagina.

    b. An image that depicts a minor female, who appears to be approximately four to six years old, based on her facial features and her physical size and lack of development.

---

*description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography. Nonetheless, the images are available for the Court's review on request.

[3] The second photo album only contained about nine images and/or videos, none of which appear to depict child pornography.

24-MJ-6593-MPK

The child is posed sitting on top of a table, nude from the waist down, wearing only socks and a purple shirt. The child appears sitting with knees up and legs spread apart holding her ankles displaying her vagina towards the camera.

12. This affidavit outlines only a cursory review of some of the phones' content. The phones were secured and will be transported to HSI Boston for continued execution of the border search.

## CONCLUSION

13. Based on all of the foregoing, I submit that there is probable cause to believe that:

   a. On or about August 7, 2024, in Boston, Massachusetts knowing transported child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(1); and

   b. on or about August 7, 2024, SAGET knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

/s/ Casey Hyde
_____
Special Agent Casey Hyde
Homeland Security Investigations

SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1 this 7th day of August, 2024.

_____
HONORABLE M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE